IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

THOMAS ALLEN MCKENDRICK,

Plaintiff,

v.

BULLOCH COUNTY, et al.,

Defendants.

CIVIL ACTION NO.: 6:21-cv-47

**O R D E R**

This matter comes before the Court upon Plaintiff's failure to comply with the Court's July 13, 2021 Order.  Doc. 4.  For the following reasons, I **DISMISS without prejudice** Plaintiff's Complaint for failure to follow this Court's Order, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]  I also **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.

**BACKGROUND**

On July 8, 2021, Plaintiff filed this cause of action and a Motion for Leave to Proceed *in Forma Pauperis*.  Docs. 1, 2.  This Court deferred ruling on Plaintiff's Motion, as Plaintiff did not use this Court's preferred form.  Doc. 4 at 1.  The Court provided Plaintiff with 14 days to

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . .  To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  Plaintiff has the opportunity to object or to otherwise respond to this Order.  In addition, the Court forewarned Plaintiff his failure to comply with the July 13, 2021 Order in a timely manner would result in the dismissal of his Complaint.  Doc. 4 at 1–2.

return the proper form, and the Clerk of Court mailed a blank copy of a form to Plaintiff.  Id.[2]

The Court advised Plaintiff his failure to timely comply with the Order would result in the

dismissal of his Complaint.  Id. at 1–2.  That Order was not returned to the Court as

undeliverable or as otherwise failing to reach Plaintiff.  However, Plaintiff did not respond to the

Court's Order, and the time to do so has expired.  Id.  Plaintiff executed a Statement Regarding

Assignment of Case to a United States Magistrate Judge and consented to the undersigned being

assigned this case for plenary review.  Doc. 5.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this

Court's Order.  For the reasons set forth below, I **DISMISS without prejudice** Plaintiff's

Complaint.  I also **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate

judgment of dismissal and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## I.        Dismissal for Failure to Follow This Court's Order

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket.

Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x

716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V

MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the

involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims,

---

[2]        Despite the Court directing the Clerk of Court to provide Plaintiff with a blank copy of its preferred form for use by prisoner-plaintiffs, doc. 4 at 1, the Clerk did not do so, instead providing another form.  Doc. 4-1.  Plaintiff did not return this form, either.

[3]        In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  However, in this case, Plaintiff was forewarned of the consequences of failing to respond to this Court's Order.  Doc. 4.

comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding

3

dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Plaintiff failed to follow this Court's Order, despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so.  Doc. 4.  Thus, the Court **DISMISSES without prejudice** Plaintiff's Complaint.  Doc. 1.

**II.     Leave to Appeal *in Forma Pauperis***

The Court also denies Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

4

Based on the above analysis of Plaintiff's failure to follow this Court's Order, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

I **DISMISS without prejudice** Plaintiff's Complaint for failure to follow the Court's Order, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.  I also **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.

**SO ORDERED**, this 9th day of August, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5